**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **DEMETRIUS NICHOLAS BATTLE,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 4:06CV104-DJS ) |
| **DON ROPER,** | ) ) |
| Respondent. | ) |

### ORDER

This matter is before the Court on the report and recommendation of the United States Magistrate Judge [Doc. #23], recommending denial of the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254, and petitioner Demetrius Nicholas Battle's objections thereto [Doc. #27]. Pursuant to 28 U.S.C. §636, the Court will conduct a de novo review of those portions of the report and recommendation to which specific objections are made.

### Background

Petitioner was initially charged on May 10, 1998, with first-degree murder and armed criminal action for events that arose out of the May 10, 1998, shooting death of King Wade Jones. An amended second information was subsequently filed adding that petitioner was a prior offender. After an initial trial, the jury, which was instructed on first-degree murder, second-degree murder, and armed criminal action, found petitioner guilty of second-degree

murder and armed criminal action.  On May 14, 1999, petitioner was sentenced to concurrent terms of imprisonment for life and thirty years, respectively.  On November 21, 2000, the Missouri Court of Appeals reversed the convictions and remanded the case for a new trial because the trial court had failed to instruct the jury on the lesser included offenses of voluntary manslaughter and involuntary manslaughter.

A second trial (the trial at issue in the present case), was set for May 14, 2001.[1]  The State did not amend the second amended information prior to the second trial.  Before the venire panel was brought in (on May 14, 2001), defense counsel noted petitioner's prior acquittal of the first-degree murder charge, and asked the court just to say "murder" and armed criminal action when telling the venire the charges for which petitioner was standing trial.  The court agreed and informed the venire accordingly.  On May 17, 2001, petitioner was convicted by a jury of one count of second-degree murder and one count of armed criminal action. Petitioner was sentenced to concurrent terms of life imprisonment and thirty years, respectively.

In affirming petitioner's convictions for second-degree murder and armed criminal action, the Missouri Court of Appeals summarized the evidence presented at the second trial as follows:

---

[1] On February 15, 2001, defense counsel filed a motion for change of judge, but on February 23, 2001, defense counsel filed a memorandum stating that she was withdrawing the motion after reconsideration of <u>State v. Sexton</u>, 929 S.W.2d 909 (Mo. App. 1996).

On May 10, 1998, defendant went to a club in St. Louis. Defendant's girlfriend, Kim Alexander, was at the club. King Wade Jones, Alexander's former boyfriend and father of her child was also at the club. Jones gave defendant dirty looks and nudged him. When the club closed defendant and Alexander left together in defendant's car and began driving towards defendant's home. Shortly thereafter, Jones drove from the club and caught up with defendant and Alexander on the highway. Jones pulled up beside the couple and motioned for Alexander to roll down the window. Jones then swerved toward the couple but did not hit the car. Jones followed the couple to defendant's home and parked his car behind defendant's car.

Defendant went inside his home and Alexander stayed in the car. Jones approached defendant's car and asked why he could not take their son out of town and what her problem was. Alexander told Jones she wanted him to leave and Jones slapped her face. Jones then got in his car and began to leave. Defendant came out of the house with a [.22 caliber semi-automatic] gun. According to Alexander, defendant walked up to Jones's car and "shot him in the head." Alexander remembered hearing more than one shot but was unsure exactly how many shots were fired. Alexander began struggling to get the gun away from defendant. When Alexander got the gun from defendant, she ran into defendant's home, hid and called 911. Defendant told the first officer to arrive that he had an argument with his girlfriend and did not tell the officer about the shooting. The first officer left but two more officers arrived. Defendant again stated he had an argument with his girlfriend and did not tell the officers about the shooting. The officers went inside defendant's home to check on Alexander and additional officers discovered Jones's body in the car. Defendant told police he did not know how Jones was injured and did not know what happened.

Jones suffered four gunshot wounds. One bullet entered the left cheek of Jones's face, a second bullet grazed Jones's left shoulder, and two other bullets entered Jones's

3

> lung. The bullets entering Jones's lung were lethal wounds.
>
> * * *
>
> [D]efendant testified that Jones tried to run him off the road, he went inside his house to get a gun to scare Jones away, the first shot occurred when Jones grabbed the gun, he fired the second and third shots after Jones lunged for the car's glove box, and the fourth shot occurred when the gun hit the car "door sill" during his struggle with Alexander for the gun.

Petitioner filed his current petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 23, 2006. In his petition, he states that his conviction was obtained in violation of his double jeopardy rights. Petitioner also asserts that his trial counsel rendered constitutionally ineffective assistance in numerous ways, including, but not limited to, counsel's failure to call a certain witness, to seek the exclusion of the testimony of the prosecution's key witness (Alexander), to pursue a motion for change of judge, to object to demonstrative evidence by the prosecution's firearms expert, and to object to a comment by the prosecutor in closing argument that went beyond the record. Petitioner also claims that direct appeal counsel was ineffective in failing to raise two claims on appeal: the prosecutor's improper use of petitioner's statements which had been ordered excluded, and the admission of the demonstrative evidence of the firearms expert.

**Standard of Review**

As stated above, pursuant to 28 U.S.C. §636(b)(1), the Court gives de novo consideration to those portions of the report and recommendation to which objections are made. In order to trigger such review, however, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate judge or asserting specific allegations of error. See, e.g., Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

**Discussion**

The Magistrate Judge issued a report and recommendation on February 12, 2009, in which she analyzes petitioner's request for relief, and recommends that petitioner's writ of habeas corpus be denied. On March 10, 2009, petitioner, through counsel, filed objections to the Magistrate Judge's report and recommendation. Petitioner argues that the Magistrate Judge erred when she failed to find that petitioner's trial counsel rendered petitioner ineffective assistance of counsel by neglecting to object when the prosecutor argued to the jury that there were photographs showing

5

that Alexander had not been assaulted by Jones.  Further, petitioner argues that the Magistrate Judge erred in finding that some of the grounds for relief were procedurally defaulted.  Finally, petitioner argues that the Magistrate Judge erred in approving as "very reasonable" the state appellate court's denial of relief for ineffective assistance of counsel.

**Prosecutor's Reference to Photographs**

Petitioner argues that his trial counsel rendered petitioner ineffective assistance of counsel by failing to object when the prosecutor argued to the jury that there were photographs showing that Alexander, a key witness of the prosecution, had not been assaulted by Jones.  To wit, the Magistrate Judge found that the prosecutor stated to the jury that there were photographs of Alexander's neck, and that such comments were "improper," but further found that such comments did not render the trial fundamentally unfair, and did not render the resulting conviction a denial of due process.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).

> To overturn a conviction on grounds of ineffective assistance of counsel, [petitioner] must demonstrate (1) his trial counsel's performance was so deficient as to fall below an

> objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) there is a reasonable probability the outcome of the trial would have been different absent the substandard actions of trial counsel.

Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006) (citation omitted). A deficient performance is one that falls "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. That is, a defendant must "overcome the strong presumption that in the circumstances of his case the challenged action might be considered sound trial strategy." Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quotation omitted). A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In other words, a petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Seehan, 72 F.3d at 612 (quotation omitted). "[W]hether or not the facts support a finding of Strickland prejudice is a question of federal law which we address de novo. This is necessarily a question on which reasonable minds can and often do disagree." Id. at 614 (Beam, J., dissenting) (citations omitted).

In this case, even assuming that counsel performed deficiently by failing to object when the prosecutor referenced photographs of Alexander's neck in his closing argument, the jury

7

was instructed that it was their duty to determine the facts only from the evidence and the reasonable inferences to be drawn therefrom, and that the attorneys' closing arguments were not evidence. Further, there is no reasonable probability that this error was so serious as to deprive the petitioner of a fair trial, or that the result of petitioner's trial was somehow unreliable. According, the Court concurs with the Magistrate Judge's finding that petitioner's claim of ineffective assistance of counsel based on his trial counsel's failure to object to the prosecutor's closing argument is without merit.

**Procedural Default**

Petitioner also argues that the Magistrate Judge erred in finding that some of his grounds for relief were procedurally defaulted. Petitioner states that the Missouri Court of Appeals cut back petitioner's state post-conviction relief brief by 8,000 words, and argues that this artificially limited petitioner's opportunity to present his federal constitutional grievances in the state courts. For this reason, petitioner states that he is entitled to de novo review of those grounds found by the Magistrate Judge to be procedurally defaulted, and asks that the Court grant relief on these grounds, or to remand the matter to the Magistrate Judge for consideration.

The Court agrees with the Magistrate Judge, and finds that petitioner's claim that the failure to raise certain claims on

appeal should be excused (because the page limits imposed by the state Court did not allow counsel to raise all available claims), is without merit. Failure to persist in the advancement of a claim through appeal of a post-conviction motion creates a procedural bar to federal habeas corpus consideration. Gilmore v. Armontrout, 861 F.2d 1061, 1064-65 & n.8 (8th Cir. 1988). An appellate counsel's failure to raise an issue on appeal will justify habeas relief only when there is a "reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different." Pryor v. Norris, 103 F.3d 710, 714 (8th Cir. 1997). Appellate counsel does not have a duty to raise every nonfrivolous claim on appeal. Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir. 1995). "Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751-752 (1983)); see also Helmig v. State, 42 S.W.3d 658, 682 (Mo. App. 2001) (finding that appellate counsel's presentation of only those issues which had a greater chance of success was "a reasonable strategic decision," despite the fact that appellate counsel was required to trim twenty pages from his brief which forced him to "pick and choose which issues to include and that he had chosen to focus on what he believed were the most important issues").

In this case, despite the page limits on his appellate brief, petitioner's presentation of some grounds for relief and not others was a strategic decision. Accordingly, petitioner's ineffective assistance of counsel claims not pursued on appeal from the denial of state postconviction relief are not properly before this Court because such claims were procedurally defaulted in state court.

**Legal Standard**

Finally, petitioner argues that the Magistrate Judge erred in approving as "very reasonable" the state appellate court's denial of relief for ineffective assistance of counsel because the state appellate court utilized a legal standard that is inconsistent with the federal constitutional standard for his claims. Petitioner states that the Missouri Court of Appeals applied a preponderance of the evidence, outcome-determinative test to the claims of ineffective assistance of direct-appeal counsel, when the appropriate test is the reasonable probability test from Stickland. Petitioner argues that the Magistrate Judge therefore erred when she found that the state courts very reasonably determined that the direct-appeal counsel's failure to raise certain claims did not constitute ineffective assistance.

The task of a federal habeas court "is to determine whether [a defendant's] constitutional rights were violated." Jenner v. Smith, 982 F.2d 329, 331 (8th Cir. 1993); see also DeVine

10

v. Solem, 815 F.2d 1205, 1208 (8th Cir. 1987) (finding that the federal district court applied the wrong test to determine whether defendant's Fifth Amendment rights had been violated, and remanding the case to the federal district court to review the constitutional issue).

> If an issue has been adjudicated on the merits in state court, we will only grant habeas relief if the state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Garcia v. Bertsch, 470 F.3d 748, 752 (8th Cir. 2006) (quoting 28 U.S.C. §2254(d)).

In this case, the Court finds that the Magistrate Judge properly analyzed petitioner's ineffective assistance of counsel claims, and concurs with her conclusion. The Magistrate Judge stated that:

> [t]o prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Doc. #23, p. 20 (quoting Strickland, 466 U.S. at 689). Further, the Magistrate Judge noted that she reviewed the "entire record" before she found that the state courts "did not unreasonably apply Strickland in rejecting Petitioner's claims of ineffective

11

assistance of defense counsel." Doc. #23, pp. 20-21. Accordingly, the Magistrate Judge set forth the correct standard to review petitioner's ineffective assistance of counsel claims pursuant to the Supreme Court's Stickland decision, and properly reviewed the entire record before reaching her determination. Only after such a review did the Magistrate Judge find that the state court reasonably adjudicated the factual and legal issues, and found that petitioner's counsel was not constitutionally ineffective.

The Court has reviewed the record in this case, the petition, the Magistrate Judge's report and recommendation, and petitioner's objections thereto. The Court finds that the report and recommendation sets forth a very thorough and correct analysis of the issues raised in the petition. Petitioner's objection to the report and recommendation is denied in its entirety, and the Court will adopt the report and recommendation of the Magistrate Judge. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #27] are overruled.

**IT IS FURTHER ORDERED** that the Magistrate Judge's report and recommendation [Doc. #23] is hereby accepted and adopted.

**IT IS FURTHER ORDERED** that the petition of Demetrius Nicholas Battle for a writ of habeas corpus under 28 U.S.C. §2254 [Doc. #1] is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this ___24th___ day of March, 2009.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE